# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 28, 2020

Lyle W. Cayce
Clerk

No. 19-20716

J&#x004F;HN R&#x0049;CHARD S&#x004D;ITH,

*Petitioner—Appellant*,

*versus*

B&#x004F;BBY L&#x0055;MPKIN, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-3578

Before W&#x0049;LLETT, H&#x004F;, and D&#x0055;NCAN, *Circuit Judges*.

P&#x0045;R C&#x0055;RIAM:*

A jury convicted John Richard Smith, Texas prisoner # 2037971, of murder, and he was sentenced to 58 years in prison. He seeks a certificate of appealability (COA) to challenge the district court's denial of his 28 U.S.C. § 2254 petition in which he raised claims of prosecutorial misconduct and

---

* Pursuant to 5&#x0054;H C&#x0049;RCUIT R&#x0055;LE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5&#x0054;H C&#x0049;RCUIT R&#x0055;LE 47.5.4.

ineffective assistance of trial counsel. Smith also alleges that the district court erred by denying habeas relief without conducting an evidentiary hearing.

To obtain a COA, Smith must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the claims are rejected on the merits, the prisoner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" or that the issues presented "deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

Smith has failed to meet this standard. As Smith fails to make the required showing for a COA on his constitutional claims, we do not reach whether the district court erred by denying an evidentiary hearing. *See United States v. Davis*, 971 F.3d 524, 534-35 (5th Cir. 2020).

Accordingly, Smith's COA motion is DENIED.